KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
August B. Hotchkin, No. 12780
50 W. Liberty Street, Suite 700
Reno, Nevada   89501
Telephone:   (775) 852-3900
Facsimile:   (775) 327-2011
Email:  lbubala@kcnvlaw.com
Email:  ahotchkin@kcnvlaw.com

*Attorneys for Plaintiff JHB Collective, LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>         Debtors. | Case No.: 22-14616-nmc<br>Chapter 7 |
| JHB COLLECTIVE, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>RL EXOTICS, LLC; and ROBERT ATKINSON, in his capacity as the chapter 7 trustee,<br><br>         Defendants. | Adversary Proceeding No.: 23-01090-nmc<br><br>**OPPOSITION TO TRUSTEE'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**<br><br>Hearing Date:  August 3, 2023<br>Hearing Time: 9:30 a.m. |

JHB COLLECTIVE, LLC ("JHB"), by and through its undersigned attorneys, files its Opposition to Robert E. Atkinson's, Chapter 7 bankruptcy trustee ("Trustee") of the bankruptcy estate of Robin Linus Lehner ("Mr. Lehner") and Donya Tina Lehner (collectively, "Debtors") *Motion to Dismiss Adversary Complaint* (the "Motion") [Doc. No. 10].  This Opposition is made and based upon the points and authorities contained herein, the pleadings and papers on file in this adversary proceeding and the lead bankruptcy case, and oral argument by counsel presented at the time of hearing on the Motion, if any.

KAEMPFER
CROWELL

## I.    INTRODUCTION

JHB filed two adversary complaints.  The first is against the Debtors for their breach and fraudulent misconduct in the purchase of JHB's snake-breeding inventory (the "Inventory").  This second one—this Complaint—is against RL Exotics LLC ("RL Exotics") and the Trustee.  Mr. Lehner transferred the entirety of the Inventory to RL Exotics, which received and maintained the benefit without providing anything in return.  RL Exotics is liable for unjust enrichment because Mr. Lehner acted as an intermediary when he purchased the Inventory for the purpose of transferring them to RL Exotics, his company that runs an exotic reptile farm in Missouri.  The Trustee also is a defendant because RL Exotics, a wholly owned company by the Debtor, is under the Trustee's control.  A dispute and live controversy also exists concerning the rights of JHB— i.e., its rights to seek relief for the remaining amounts owed and value of the portion of Inventory that JHB was not compensated for as a result of Mr. Lehner's misconduct and RL Exotics' unjust enrichment.

In seeking a dismissal of the Complaint, Trustee's Motion essentially advances two arguments: (1) that JHB cannot maintain a claim for unjust enrichment due to a lack of direct privity with RL Exotics, and (2) that JHB's claim for declaratory relief cannot be maintained because there is no live controversy.  However, Trustee's arguments fail for two reasons: (1) his reliance on the applicable law is misplaced; or (2) he misconstrues the applicable law and facts as alleged in the Complaint.  For these reasons, the Motion should be denied.

## II.    APPLICABLE LEGAL STANDARD

A party may seek dismissal of a complaint for "the failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bank. P. 7012(b).  However, the threshold to prevail on a motion for dismissal under Rule 12(b)(6) is no simple feat.  In the court's determination, it must view the complaint "in the light most favorable to the plaintiff,

taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 6278 (2009) (internal quotations and citations omitted). So long as the allegations in the complaint raise the plaintiff's right to relief above a speculative level, the claims will meet the plausibility standard under Rule 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Critically, however, it has been held that "the standard for evaluating the sufficiency of the complaint is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Moore*, 620 B.R. 617, 631 (Bankr. N.D. Ill. 2020) (internal quotations and citations omitted); *see also Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (a federal court's task in determining whether a complaint should be dismissed under Rule 12(b)(6) is necessarily a limited one—i.e., to determine whether the claimant is entitled to offer evidence to support his claims, but not whether or not he will ultimately prevail).

## III.    ARGUMENT

### A.    JHB Sufficiently Pleads Facts to Satisfy a Prima Facie Claim for Unjust Enrichment

Trustee contends that JHB's claim for Unjust Enrichment fails because Florida Law requires that any benefit conferred on a defendant must have been directly conferred. Trustee also argues that where a benefit is conferred on or by a third-party, the purported "direct" conferment requirement is not met. However, Trustee's argument misconstrues the applicable

KAEMPFER
CROWELL

Florida case law, especially with respect to the scope of what constitutes as "direct" for purposes of seeking relief under an unjust enrichment theory. Contrary to Trustee's belief, neither the existence of a third-party, nor Trustee's understanding of a direct conferment is as rigidly applied as he advocates. The Trustee's reliance on several cases (for example, *Huntsman* and *Extraordinary Title*) for these propositions is misplaced because he ignores their progeny which explicitly contradict them and have made it clear that such a rigid application is not supported.

*Solidda Group, S.A. v. Sharp Electronics Corporation* makes clear, conferring a benefit under a theory of unjust enrichment did not require a direct transmittal from the plaintiff to the defendant. No. 12-21411-CIV, 2014 WL 12513613 at *3 (S.D. Fla. Mar. 6, 2014). It also pointed out that the failure of plaintiff in *Extraordinary Title* to maintain a claim for unjust enrichment was not because there was no direct conferment, but that the plaintiff failed <u>to allege</u> that the defendant received any benefit:

> The plaintiff, a customer of a power company, sued that power company's parent for unjust enrichment based on excess of tax payments that the power company had collected from plaintiff. <u>The unjust enrichment claim failed because there were no allegations</u> that the subject payments by plaintiff had been conferred to the parent. Rather, the allegations reflected only that the plaintiff paid the subject funds to the power company [i.e., subsidiary of the defendant parent corporation] which retained those funds.

*Id.,* 2014 WL 12513613, at *3 (emphasis added; internal citation omitted). The Court further dispelled the notion that a direct conferment required a direct transmittal-link from the plaintiff to the defendant, explaining that "those cases stand for the proposition that the conferred benefit must have originated from the plaintiff and arrived in the defendant's possession. Those cases <u>do not</u> establish a principle that the conferred benefit must have been transmitted directly from the plaintiff to the defendant <u>without travelling through any third-party intermediary</u>." *Id.* (emphasis added). As long as there is a showing of a direct flow of the benefit where they originated with the plaintiff and ended with the defendant, the direct conferment requirement is satisfied. *Id.* ("In

contrast to the facts in . . . *Extraordinary Title Servs., LLC*, the instant allegations show a direct flow of specific funds originating with Sharp and ending with the Counterclaim Defendants. Thus, Sharp has alleged a viable unjust enrichment claim as to the Counterclaim Defendants, and that claim is not barred simply because the subject funds passed through third-parties before arriving with the Counterclaim Defendants.")

Other decisions reached the same conclusion as *Solida*, that direct contact between the plaintiff and the defendant is not required to maintain a claim for unjust enrichment. *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015) ("The 'direct benefit' element of an unjust enrichment claim may be satisfied where a benefit is conferred through an intermediary.  In other words, a direct benefit can derive from a transaction with no direct *contact*." (emphasis in original; internal citations omitted)); *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp.2d 1269, 1288-89 (S.D. Fla. 2013) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant.").

In its Complaint, JHB alleged that it conferred a benefit on RL Exotics, by conveying its Inventory to Mr. Lehner, who in turned transferred the Inventory to Mr. Lehner's company, RL Exotics. *See* Cmplt. ¶¶ 8-11 and 41-44.  Neither Mr. Lehner, nor RL Exotics paid for the entirety of the Inventory, and thus, RL Exotics retained a benefit.  Mr. Lehner acted as a third-party conduit who facilitated the transfer of the Inventory to RL Exotics.  The fact that RL Exotics did not have direct contact with JHB, is inconsequential.  The benefit originated with JHB and was ultimately received and enjoyed by RL Exotics which is sufficient to plead a claim for unjust enrichment.

Furthermore, where there is an issue on whether a defendant received a benefit, such an issue is a factual matter that precludes the court from dismissing a complaint under Rule 12(b)(6).

KAEMPFER
CROWELL

*See Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-CIV, 2016 WL 11721897 at *3 (S.D. Fla. Sept. 29, 2016) ("The Court finds *Extraordinary Title Services* distinguishable because there, it was undisputed that the plaintiff contracted with and paid the subsidiary, and had 'absolutely no relationship' with the parent corporation. Here, whether the Parent Defendants received a benefit is a factual matter which is improper for the Court to determine at this juncture." (internal citations omitted)).

Again, JHB has pled sufficient facts to show that RL Exotics received a benefit for which it did not give anything in return. Trustee does not dispute that RL Exotics received any benefit, only that it did not receive it directly from JHB. While the case law and argument above shows that Trustee's rigid interpretation of what constitutes as a direct conferment is not supported, its reliance on *Extraordinary Title* is still misplaced because unlike the circumstances in that case, JHB has alleged that RL Exotics was conferred and retained a benefit—i.e., the Inventory. As such, this reality alone precludes the Court from granting a dismissal of JHB's unjust enrichment claim at this stage, because it would require the Court to make a factual determination to do so.

**B.    JHB Has Plead Sufficient Facts to Maintain Its Claim for Declaratory Relief**

Trustee argues that declaratory relief cannot be maintained by JHB because there is no "actual live controversy" between it and Trustee. However, Trustee fails to explain how JHB's allegations are insufficient, and instead makes something akin to a quantity-over-quality argument, contending that simply alleging that Trustee controls RL Exotics somehow does not meet the requirements to maintain a claim for declaratory relief. But, Trustee's argument is nonsensical and not supported by the law. Indeed, Trustee does not cite to any relevant legal authority that supports his position.

It is well-established that in order to seek declaratory relief in the federal courts, one must show there is an actual controversy for which the court "'may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007), quoting 28 U.S.C. § 2201(a). "[T]he dispute must be definite and concrete, touching the legal relations of the parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal citations and quotations omitted).

However, this is not to suggest that the dispute must be so definite and concrete that it be devoid of possibility or a future event. In fact, the opposite is true—"[a] live case or controversy exists … if the parties have an interest in the outcome of the litigation." *In re PW, LLC*, 391 B.R. 25, 33 (9th Cir. BAP 2008). "A case or controversy exists justifying declaratory relief only when the challenged …activity … has not evaporated or disappeared." *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations omitted). "[D]eclaratory relief is to allow parties to address actual, concrete disputes <u>before they act and trigger avoidable injury and damages</u>." *In re Landes,* 627 B.R. 144, 154 (Bankr. E.D. Cal. 2021) (emphasis added). Congress enacted the Declaratory Judgment Act is to "'allow parties to ascertain the potential legal consequences of their actions before taking those actions . . .[and] enable[] parties to avoid the potentially harmful legal results.'" *Id.* at 154-55, quoting <u>15 Moore's Federal Practice – Civil § 101.80 (2020)</u>. "[A] request for declaratory relief is a request that the court delineate the rights, obligations, or relations of the parties <u>so that any future action be undertaken by the parties,</u> in respect of the subject dispute, will be pre-approved by the court and will not subject the parties to additional liability." *Id.* at 155, quoting <u>15 Moore's Federal Practice – Civil § 101.80 (2020)</u> (original emphasis omitted; additional emphasis added). Indeed, "'[t]he purpose of the Declaratory Judgment Act is to enable parties to **adjudicate their disputes before either suffers great damage**.'" *Id.* at 155, quoting <u>15 Moore's Federal Practice – Civil § 101.80 (2020)</u>

KAEMPFER
CROWELL

(emphasis in original).  In other words, "declaratory relief is provided for <u>possible conduct</u>." *Id.* at 156 (emphasis added).

Contrary to Trustee's belief, JHB sufficiently pleads facts that not only identifies but shows an actual controversy between Trustee and JHB regarding the parties' respective rights and interests in the Inventory that was transferred to RL Exotics by Mr. Lehner.  JHB alleges that it is entitled to the Inventory, or a portion of its value because Mr. Lehner breached his contract, engaged in fraudulent and other malicious conduct which resulted in damages sustained by JHB.  As alleged in the Complaint and shown above, because RL Exotics received the benefit of the Inventory without providing anything in return, it would be unjust for it to retain said benefit.  All that is required to assert a declaratory relief claim against Trustee is to allege facts that Trustee is in control of RL Exotics, which JHB has done.  Because Trustee is in control of RL Exotics, it is in control of the Inventory that RL Exotics possesses.  Trustee has not stipulated, agreed, or otherwise indicated that JHB has a right to and will receive the Inventory (or value/proceeds of the portion still owed to JHB). Thus, JHB has properly sought relief from the Court to determine the parties' rights with respect to the Inventory.  Further, adjudication of those rights before Trustee sells or otherwise conveys the Inventory is appropriate and necessary to avoid potential harm to JHB.

**C.    Trustee's Argument that if the Unjust Enrichment Claim Fails, then Declaratory Relief Must Also Fail is Without Merit**

As outlined previously, contrary to Trustee's belief, Florida law supports JHB's unjust enrichment claim as JHB has plead sufficient facts in compliance with Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Notwithstanding, even if *arguendo* the Court were to determine that the unjust enrichment claim is not sufficient, JHB should still be allowed to maintain its claim for Declaratory Relief.

First, once again, Trustee cites to no relevant legal authority to support his argument. Second, JHB's Declaratory Relief claim is based on all the allegations contained in the Complaint, including those against Mr. Lehner, who, as a result of his breach and fraudulent and malicious conduct, caused damages to JHB with respect to the purchase and sale of the Inventory (which is in the possession of Mr. Lehner's company, RL Exotics). JHB has alleged facts in its First Complaint against Debtors that these damages—for example, the debt owed by Debtors is non-dischargeable under 11 U.S.C. § 523(a). *See* [Adv. Case No. 23-01088-nmc; Doc No. 1]. Those facts are also alleged in the Complaint here. As a result of Mr. Lehner's breach and misconduct, the Inventory is in the possession of his company, RL Exotics, which the Trustee now controls. As such, it is still appropriate for Declaratory Relief to be sought to determine the rights of JHB with respect to the Inventory in the event that JHB prevails against Debtors. Nothing in the legal authority cited above regarding declaratory relief precludes JHB from seeking such relief, even if the unjust enrichment claim is dismissed.

**IV.    CONCLUSION**

Trustee has failed to meet his burden to show why this Court should dismiss JHB's Complaint under Rule 12(b)(6). JHB has plead sufficient facts to assert and maintain its claim for Unjust Enrichment under Florida law, because contrary to Trustee's unsupported contention otherwise, it is not necessary for JHB to have had direct contact with RL Exotics regarding the conferred benefit. Moreover, JHB has plead sufficient facts to show that there is a live actual controversy regarding the Inventory (or its potential proceeds) to support a claim for Declaratory Relief because Trustee is in control of RL Exotics, and by extension, the Inventory.

///

///

///

1    Therefore, for the foregoing reasons, Trustee's Motion to Dismiss should be denied.

2    DATED:  July 20, 2023

3                                              KAEMPFER CROWELL

4                                              By:_____/s/ August B. Hotchkin_____
                                               Louis M. Bubala III
5                                              August B. Hotchkin
                                               *Attorneys for Plaintiff JHB Collective, LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATE OF SERVICE

Pursuant to FRBP and FRCP 5(b), I certify that I am an employee of Kaempfer Crowell, that I am over the age of 18, and that I am not a party to the above-referenced case.  I further certify that on Thursday, July 20, 2023 the following documents was filed and served as indicated below.

- **OPPOSITION TO TRUSTEE'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

_ X _    **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

RYAN A. ANDERSEN on behalf of Defendant ROBERT ATKINSON
ryan@aandblaw.com, tatiana@aandblaw.com; melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com; valerie@aandblaw.com;
andersen.ryana.b117998@notify.bestcase.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED July 20, 2023

_/s/ Courtney L. Droessler_
Courtney L. Droessler
An employee of Kaempfer Crowell

KAEMPFER
CROWELL

3477492_3.docx  20911.1